# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2012

Lyle W. Cayce
Clerk

No. 10-51149

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NOE JAIMES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-385-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

In our prior opinion in this case, we affirmed the district court's imposition of a sentence of 292 months of imprisonment on defendant Noe Jaimes. The Supreme Court vacated and remanded the judgment of this court for further consideration in light of *Dorsey v. United States*, 132 S.Ct. 2321 (2012). In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51149

*Dorsey*, the Supreme Court held that the Fair Sentencing Act of 2010 ("FSA") applies "to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. The FSA enacted new, more lenient mandatory minimums applicable to offenders who had a crack cocaine violations.

The Government concedes that the Appellant fits the profile in *Dorsey*. However it argues that the application of the FSA would have no effect on Jaimes's statutory maximum term of imprisonment or offense level under the Guidelines, therefore resentencing is unnecessary. We agree.

Jaimes pled guilty to possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Because Jaimes had been previously convicted of a felony drug offense, he was subject to an enhanced punishment of ten years to life imprisonment under 21 U.S.C. §§ 851 and 841 (b)(1)(B)(iii). As a career offender, Jaimes's offense level was dictated by the statutory maximum applicable to the offense. *See* USSG § 4B1.1(b). The career offender guideline ties the offense level to the statutory maximum sentence for that offense, so an offense with a statutory maximum of life results in an offense level of 37. *See* USSG 4B1.1(b)(1).

The FSA raised the statutory threshold to qualify for a maximum sentence of life imprisonment from 5 to 28 grams of cocaine base. *See* 21 U.S.C. § 841(b)(1)(B)(iii). In the PSR, Jaimes was held accountable for 40.37 grams of cocaine base. Jaimes argues that he actually possessed 24.25 grams of cocaine base. The PSR converted $1612 of seized drug proceeds into 16.12 grams of cocaine base to determine the final drug quantity reflected in the PSR - 40.37 grams. Jaimes's argument regarding drug quantity is foreclosed as he failed to object to the PSR on this basis prior to sentencing or in his prior appeal. Based

No. 10-51149

on the drug quantity in the PSR, 40.37 grams of cocaine base exceeds both the old and the new statutory threshold for cocaine base. Both before and after the effective date of the FSA, Jaimes faced a maximum sentence of life imprisonment and a career offender level of 37. Thus, the new statute has no impact on his guideline range and the sentence imposed. No remand for resentencing is required in this case.

Accordingly, we again affirm Jaimes's sentence of 292 months imprisonment. AFFIRMED.